UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABEL AGUILAR, | ) | 1:09-cv-00102 YNP [DLB] (HC) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | |
| | ) | |
| UNKNOWN, | ) | |
| | ) | |
| Respondent. | ) | |
|_____| ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Rule 4 of the Rules Governing § 2254 Cases provides for reasonably prompt review and processing of petitions, but it gives the Court discretion to set the time for a response:

> The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified...

Rule 4 is appropriately applied to petitions brought under § 2241. Although Rule 4 and the other Rules Governing Section 2254 Cases were adopted for petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, Rule 1(b) expressly provides, "In applications for habeas corpus in cases [not by a person in custody pursuant to a judgment of a state court], these rules may be applied at the discretion of the United States district court." Fed. R. Civ. P. 81(a)(2) provides that the civil rules are "applicable to proceedings for...habeas corpus...to the extent that the practice in such

1  proceedings is not set forth in the statutes of the United States and has heretofore conformed to the
2  practice of civil actions." Further, Rule 11 of the Rules Governing Section 2254 Cases states, "The
3  Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be
4  applied, when appropriate, to petitions filed under these rules."  The Court has customarily applied
5  Rule 4 in habeas proceedings brought pursuant to both §§ 2254 and 2241.

6       Rule 2(c) of the Rules Governing Section 2254 Cases states in part that "the petition must:
7  (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each
8  ground; (3) state the relief requested..."  In this case neither the petition nor any of Petitioner's
9  supplemental pleadings rise to the level of satisfying these requirements.

10      Petitioner's pleadings are wholly unintelligible and fail to state any concrete claims for which
11 he seeks relief.  In the absence of any specific rules governing pleading a Section 2241 case, the
12 Court will apply these same requirements because they closely mirror the information required in the
13 Section 2241 form petition. (See Pet.).  In this case, the petition fails to rise to the level of satisfying
14 any of these requirements.  Petitioner's petition is wholly unintelligible and fails to state any concrete
15 claims for which he seeks relief.

16      Accordingly, it is hereby ORDERED that Petitioner's petition for writ of habeas corpus be
17 DISMISSED.  As this petition arises under § 2241, certificate of appealability is not required. Forde
18 v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

20    IT IS SO ORDERED.
21    Dated:   **October 7, 2009**           /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE